# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**QUINTEZ WREN HODGES,** *Petitioner*

*versus* **NO. 1:07-CV-66-MPM**

**CHRISTOPHER B. EPPS, ET AL**, *Respondents*

## RESPONDENT'S MEMORANDUM IN SUMMARY
## OF EVIDENTIARY HEARING
_____

**COME NOW** the Respondents in the above styled and numbered cause and files this memorandum in summary of the evidentiary hearing in the above styled and numbered cause.

### PROCEEDINGS

On March 30 through March 31, 2009, this Court held a hearing regarding the petitioner's allegations of: 1. Ineffective assistance of counsel at the sentencing phase; 2. Prosecutorial misconduct as it relates to the presentation of false testimony; 3. Error in sentencing instructions and form of the verdict.[1] At the conclusion of the hearing it was agreed that a very short memorandum regarding the issues heard at the hearing. *See* Transcript of Evidentiary Hearing at 93. (Tr. H. 93). Briefly, the respondents would submit to the Court that the petitioner did not shed any new light or evidence on the issues presented to the Court and did not advance in any way petitioner's contention that the Mississippi Supreme Court did not decide the claims in a way that was not contrary to or an unreasonable

---

[1] Docket entry no. 32.

application of clearly established law as found by the United States Supreme Court. Therefore, Hodges is still entitled to no relief on these claims.

## SUMMARY

As to the issues of ineffective assistance of counsel argued by the petitioner the evidence clearly shows that Hodges was adequately represented by counsel at all times during his trial. Petitioner repeatedly attacks one of his attorneys, Michael Miller, as inexperienced and not mentally fit to have conducted the defense in this case at trial. Whatever Miller's problems were at the time of trial, or at the time of his deposition, he is used by Hodges as nothing more than a red herring as well as a sacrificial lamb in an attempt to mask the fact that an experienced attorney, Guy Rogers, guided and conducted the vast majority of the petitioner's defense.

In Rogers deposition, despite his own attempt to characterize his participation in the case as limited, the fact is clear that the defense was lead and conducted in the most part by Guy Rogers. *See* Guy Roger's Deposition at 60-72.

Specific to the hearing in this matter, petitioner attempted to show that defense counsel had been ineffective at the sentencing phase of the trial by not preparing mitigation witnesses adequately for the sentencing phase of the trial. At the hearing the petitioner did little more than what trial counsel had done-place family members on the witness stand to testify that Hodges was troubled growing up and did not have a pleasant home environment, but he was a good person. *See* Tr. H. 77-125; *Hodges v. State* 912 So.2d 730, 765 ¶¶ 71-72

2

(Miss.2005).

The Mississippi Supreme Court correctly found that the evidence presented by petitioner on appeal and state post-conviction pleadings was either cumulative or not of a nature that would have resulted in a sentence other than death being handed down by the jury. *Hodges* 912 at ¶¶ 72-73; *Hodges v. State*, 949 So.2d 706, 718-19 ¶¶ 28-31. The lower court's finding that the prejudice prong of *Strickland v. Washington*, 466 U.S. 688 (1984), had not been shown by petitioner is still intact. Despite another psychological evaluation at the petitioner's request by another psychologist of his choice, the petitioner presented nothing new to the Court for consideration. Each of the findings reached by Dr. Antionette Kavanaugh had already been heard and considered by the state supreme court in post-conviction arguments.

Petitioner's Exhibit 35 contains the evaluation and conclusion of Dr. Kavanaugh. Although Dr. Kavanaugh testified that she did not rely upon the evaluation conducted by Dr. Karen Wiviott, Respondent's Exhibit 39, also retained by petitioner's habeas counsel, the two reports are nearly mirror images in many respects. What is most relevant to the issue at hand is that Kavanaugh came to the same conclusions as Wiviott in her evaluation. *See* Exhibit 35 at 13, compared to Exhibit 39 at 17-19. Dr. Kavanaugh presented nothing new of consequence to the issue of mitigation factors that were available and considered in the trial court as well as on appeal in the state court.

Hodges was fairly represented by competent and experienced counsel throughout his

trial and has failed to produce any information not previously considered to meet the prejudice prong to show ineffectiveness under *Strickland*. Petitioner has made no showing that the Mississippi Supreme Court failed to appropriately apply the correct legal standards in reaching its decisions and Hodges is therefore not entitled to relief on this issue.

As to the issue that petitioner claims the prosecution committed misconduct by providing false testimony in rebuttal at the sentencing phase the record generated at the hearing completely dispels that allegation by petitioner. As stated by the witness, then Assistant District Attorney Jim Kitchens, conveyed to the trial court in chambers that the state desired Hodges be sentenced to a number of years in the penitentiary *inter alia* for an earlier burglary of the victim's home. Tr. E. 60-64. The prosecution and defense attorney in that case also informed the court that Ms. Bessie Tatum, the mother of the victim, desired that Hodges only be sentenced to the RID program. Tr. E. 64.

The testimony by Jim Kitchens is consistent with the testimony of Ms. Tatum. In Ms. Tatum's deposition testimony, taken at the insistence of the petitioner, she acknowledges that the prosecution had told her of the intent to offer Hodges a number of years, fifteen, in exchange for a guilty plea but that she had informed the prosecutors that she desired he be sentenced to the RID program. *See* Deposition of Bessie Tatum at 20.

There was no misconduct by the prosecution as there was no false testimony presented for consideration by the jury in this case. The analysis and holding by the Mississippi Supreme Court regarding this issue is neither contrary to or an unreasonable application of

4

clearly established federal law and Hodges has not established that he is entitled to relief on this claim.

As to the final issue, the accusation of error in the sentencing instructions and form of the verdict, the respondents would defer to the argument presented in the respondent's original habeas memorandum[2] for a full discussion of the issue as the issue was not explored to any significant degree at the evidentiary hearing. The respondent at this time has nothing new to offer to the memorandum argument which is believed to be an adequate and compelling argument that petitioner is entitled to no relief on this claim as well.

## CONCLUSION

For the above and foregoing reasons respondents would respectfully assert that the petition for writ of habeas corpus in this case, specifically those issues raised and argued at the evidentiary hearing, should be denied in full.

---

[2]Docket entry no. 22, Claim IX at 89-98.

Respectfully submitted,

**JIM HOOD**
ATTORNEY GENERAL
STATE OF MISSISSIPPI

**PAT MCNAMARA**
SPECIAL ASSISTANT ATTORNEY GENERAL
Miss. Bar No. 99838
(*Counsel of Record*)

**MARVIN L. WHITE, JR.**
ASSISTANT ATTORNEY GENERAL

BY:  s/ **PAT MCNAMARA**

OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-3680

**CERTIFICATE OF SERVICE**

This is to certify that I, Pat McNamara, Special Assistant Attorney General for the State of Mississippi, have electronically forwarded the foregoing RESPONDENT'S MEMORANDUM IN SUMMARY OF EVIDENTIARY HEARING with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>  Robert B. McDuff, Esquire
>  767 North Congress Street
>  Jackson, Mississippi  39202
>
>  Frances P. Kao, Esquire
>  333 West Wacker Drive
>  Suite 2100
>  Chicago, Illinois 60606

This the 7th day of May, 2010.

>  s/ **PAT MCNAMARA**